1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   WELLS FARGO BANK, N.A. ET AL.,,          No. C 17-02619 JSW

10              Plaintiffs,

11      v.

12   ROBERT EBERWEIN,                         **ORDER TO SHOW CAUSE**

13              Defendant.

_____/

14

15          Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte*

16   at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; *Augustine v.*

17   *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  It appears that this Court lacks jurisdiction to

18   hear this matter.

19          On April 10, 2017, Plaintiffs filed a complaint for unlawful detainer in Superior Court for the

20   County of Mendocino (the "State Court action") against Defendant Robert Eberwein ("Defendant").

21   (*See* Notice of Removal.)  On May 5, 2017, Defendant removed the State Court action on the basis

22   that jurisdiction is premised upon a federal question.  (*See id*.)  "[A]ny civil action brought in a State

23   court of which the district courts of the United States have original jurisdiction, may be removed by

24   the defendant . . .  to the district court of the United States for the district and division embracing the

25   place where such action is pending."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463

26   U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.

27          However, federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian*

28   *Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing federal

jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983).

The State Court action is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, the Court finds that the claim will not necessarily depend upon the resolution of a substantial question of federal law, because Plaintiffs need not prove compliance with the federal law relied upon by Defendant to establish its claim. *See, e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated *defense* that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter as currently pled and must remand to the state court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

1      Accordingly, the Court HEREBY ISSUES this order to show cause to Defendant to respond

2 in writing by no later than **May 31, 2017** why this case should not be remanded to the Superior

3 Court of the State of California for the County of Mendocino.  Should Defendant fail to respond, this

4 case shall be remanded for lack of subject matter jurisdiction.

5      **IT IS SO ORDERED.**

6 Dated: May 16, 2017

                                 _____

7                                   JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE