IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, N.A. ET AL.,,

    Plaintiffs,

v.

ROBERT EBERWEIN, ET AL.,

    Defendants.

No. C 17-02619 JSW

**ORDER OF REMAND**

On May 16, 2017, this Court issued an order to show cause to Defendants to demonstrate by no later than May 31, 2017 as to why this case should not be remanded to the Superior Court of the State of California for the County of Mendocino. Although the Court has received a response to its order, the Court finds that it lacks jurisdiction to hear this matter.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

The action filed in state court is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, the Court finds that the claim will not necessarily depend upon the resolution of a substantial question of federal law, because Plaintiffs need not prove compliance

with the federal law relied upon by Defendant to establish its claim. *See, e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated *defense* that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter as currently pled and must remand to the state court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

Accordingly, the Court HEREBY REMANDS this case to the Superior Court of the State of California for the County of Mendocino.

**IT IS SO ORDERED.**

Dated: June 5, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE